**In the Matter of John W. PETERS.**

**No. 64S00–0505–DI–256.**

Supreme Court of Indiana.

April 19, 2006.

### ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating agreed facts and proposed discipline as summarized below:

**Facts:** In March 1999, respondent was named co-personal representative of an estate along with the sole heir of the estate. Respondent did not discuss with the client the fee for his legal services or the basis for their calculation before, or at any time after, the opening of the estate.

In March of 2000, respondent paid $302,419 Indiana inheritance taxes, but failed to file an order with the court determining the inheritance taxes. Between March 2000 and May 2001, the Porter County Assessor reminded respondent that the required order had not been filed. Respondent finally complied in May 2002. Respondent also failed to file federal tax returns by the August 15, 2000 deadline, thereby incurring penalties and interest against the estate.

The client attempted to contact respondent numerous time by phone and by letter, in January and March of 2000, but respondent did not answer the client's inquiries. In August 2002, the client, who was from out-of-state, had an attorney write to respondent requesting information. Respondent likewise failed to respond to this request. The client was forced to hire substitute counsel.

**Violations:** Respondent's conduct violated Ind. Professional Conduct Rule 1.3, which requires a lawyer to act with reasonable diligence and promptness; Prof. Cond.R. 1.4(a), which requires a lawyer to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information; Prof.Cond.R. 1.4(b), which requires a lawyer to explain a matter to the extent reasonably necessary to permit the client to make informed decisions; Prof.Cond.R. 1.5(b), which requires a lawyer to communicate the fee to the client and how it will be calculated; and Prof.Cond.R. 3.2, which requires a lawyer to make reasonable efforts to expedite litigation.

**Discipline:** Thirty (30) day suspension, effective May 21, 2006, with automatic reinstatement.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Court further finds that with the acceptance of this agreement the hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).